IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TREVOR RAMONE RUSSELL,<br>        Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>        Respondent. | §<br>§<br>§<br>§<br>§   Civil Action No. 4:11-CV-505-Y<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Trevor Ramone Russell, TDCJ #1052784, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

Petitioner is serving an eighteen-year sentence on his 1999 conviction for injury to a child in Dallas County, Texas. (Pet. at 2) In this petition, petitioner challenges a 2011 disciplinary proceeding conducted at the Hughes unit, and the resultant 45-day recreation and commissary restrictions, reduction in class status from S3 to L1, and loss of 250 days of good time. (Disciplinary Hrg. R. at 1-2) Petitioner was charged in Disciplinary Case No. 20110257888 with sexual misconduct, masturbating in front of Officer L. Maze, and threatening to inflict harm on Officer R. Mills by stating "get away from my cell before you get hurt." (Disciplinary Hrg. R. at 5, 7)

After receiving notice of the charges, petitioner attended disciplinary hearings on May 23, 2011, and May 27, 2011, with a staff representative, referred to as "counsel substitute." (*Id.* at 1-2) Petitioner pled not guilty to the disciplinary violations and gave an oral statement, in which he stated that he had a sheet up on his door and was not aware of the officer's presence and denied making any threat. Both accusing officers testified and documentary evidence was admitted, including the offense reports, the preliminary investigation reports, written statement of other inmates, and what appear to be written questions to the accusing officers by petitioner and answers thereto. (*Id.* at 5-14) After considering the evidence, the hearing officer found petitioner guilty of the violations. Petitioner filed Step 1 and Step 2 grievances contesting the guilty finding and/or his punishment, to no avail. (Disciplinary Grievance R. at 1-4) This federal petition for writ of habeas corpus followed.

## D. Issues

Petitioner claims that his due process rights were violated because he was excluded from the May 23 hearing, which prevented him from confronting and cross-examining one of the accusing

officers (ground one), that he received ineffective assistance of counsel substitute (ground two), and that the evidence was insufficient to support a guilty finding (ground three). (Pet. at 7)

### E. RULE 5 STATEMENT

Thaler believes that petitioner has exhausted his state administrative remedies as required by 28 § 2254(b)(1)(A), except for his second ground. However, notwithstanding a petitioner's failure to fully exhaust state administrative remedies as to one or more of his claims, a court may deny the petition on the merits. *Id.* § 2254(b)(2).

### F. DISCUSSION

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). To the extent the disciplinary proceeding resulted in the loss of recreational and commissary privileges, and the reduction in line class status, which do not impact the fact or duration of confinement, these claims do not raise a federal constitutional question. *Sandlin v. Conner*, 515 U.S. 472, 487 (1995); *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995)

However, a state prisoner who is eligible for release to mandatory supervision, as is petitioner, has a protected liberty interest in the loss of good time credits, and TDCJ must accord the inmate minimal procedural due process before depriving him of any previously earned good time credits through administrative or disciplinary proceedings. *Teague v. Quarterman*, 482 F.3d 769, 776-81 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58; *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Nevertheless, "prison disciplinary proceedings are not part of a criminal

3

prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). Confrontation and cross-examination of witnesses is not constitutionally required in prison disciplinary proceedings. *Houser v. Dretke,* 395 F.3d 560, 562 (5th Cir. 2004); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997). Nor does a prison inmate have a right to either appointed or retained counsel at prison disciplinary hearings. *Wolff,* 418 U.S. at 570. Thus, there is no constitutional violation on which habeas relief could be granted on the basis of ineffective assistance of counsel substitute at a disciplinary hearing. *Morgan v. Quaterman,* 570 F.3d 663, 669 (5th Cir. 2009).

Finally, due process requires only "some evidence" to support the findings made in a disciplinary hearing. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 455-57 (1985); *Wolff,* 418 U.S. at 563-66. Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision. *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Hill,* 472 U.S. at 455. The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the disciplinary officer. *Id.* at 455-56.

Having reviewed the record of the disciplinary proceedings, there was sufficient evidence to support the hearing officer's guilty findings. In making his determination, the hearing officer considered the offense reports detailing the events, the investigatory reports, the testimony of the accusing officers, petitioner's statement, witness statements, and written questions and answers relevant to the incidents. This was some evidence to support the guilty finding. *Wolff,* 418 U.S. at 564-66; *McDuffie v. Estelle,* 935 F.2d 682, 687-88 (5th Cir. 1991).

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 18, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 18, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing

5

party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October ___28___, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE